```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Case No. |
| | ) | 5:18-cv-532-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| DARRELL GIPSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| D&K TRANSPORT, INC., *et al.*, | ) | |
| | ) | |
|     Third-Party Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY FREIGHTLINER TRUCKS, INC., *et al.*, | ) | |
| | ) | |
|     Third-Party Defendants. | ) | |

                             ** ** ** ** **

Third-Party Plaintiffs Darrell Gipson and D & K Transport, Inc. and Third-Party Defendant Great West Casualty Company, through counsel, filed an Agreed Order of Dismissal [DE 64] indicating that all claims against Third-Party Defendant Great West Casualty Company may be dismissed with prejudice. The claims against other Third-Party Defendants will remain.

Here, because dismissal of claims against a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the Agreed Order of Dismissal [DE 64] as a motion to

dismiss under Rule 21. Accordingly, Third-Party Plaintiffs' Agreed Order of Dismissal [DE 64], which the Court construes as a Motion to Dismiss under Rule 21, is **GRANTED** and the claims against Third-Party Defendant Great West Casualty Company are **DISMISSED WITH PREJUDICE**.

## A. FACTUAL AND PROCEDURAL HISTORY

On September 14, 2018, Plaintiff BMO Harris Bank N.A. filed a Complaint against multiple Defendants, including Darrell Gipson and D & K Transport, Inc. [DE 1]. On December 19, 2018, Third-Party Plaintiffs Darrell Gipson and D & K Transport, Inc. filed a Third-Party Complaint against multiple Third-Party Defendants, including Great West Casualty Company. Also on December 19, 2018, the Court entered a Scheduling Order. [DE 18]. However, on February 1, 2019, the Court placed this matter in abeyance and cancelled all deadlines and proceedings in this matter, so Third-Party Plaintiffs could establish service on all Third-Party Defendants and receive insurance policy coverage(s) from Third-Party Defendants. [DE 41]. Now, Third-Party Plaintiffs and Great West Casualty Company seek to dismiss all claims against Great West Casualty Company with prejudice. [DE 64]. As a result, this matter is ripe for review.

## B. DISCUSSION

Here, Third-Party Plaintiffs and Great West Casualty Company agree to dismiss Great West Casualty Company from this action.

But, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis, because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the Agreed Order of Dismissal [DE 64] as a motion to dismiss a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson*

*v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the Agreed Order of Dismissal [DE 64] as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4)

whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). While the Parties have agreed to dismiss, the Court considers the relevant factors below.

First, while Great West Casualty Company has answered, it has likely expended little time and few resources, if any, preparing for trial in this matter. In fact, all deadlines and proceedings in this case were cancelled, so there is no trial date pending in this case. [DE 41]. As a result, the first factor supports dismissal.

Second, there is no indicia of any delay or lack of due diligence on the part of the Third-Party Plaintiffs in this matter. It appears that the Third-Party Plaintiffs are engaging in a good faith attempt to resolve the dispute in a timely manner, which supports dismissal.

Third, neither Third-Party Plaintiffs nor Great West Casualty Company have provided any explanation for the dismissal. As such, this factor weighs against dismissal under Rule 21.

Fourth, and finally, there is no pending motion for summary judgment in this matter. Thus, the fourth factor weighs in favor of dismissal.

Here, three of the four relevant factors to be considered before dismissal under Rule 21 weigh in favor of dismissal of the claims against Great West Casualty Company. Accordingly,

**IT IS ORDERED** as follows:

(1) The Court construes Third-Party Plaintiffs and Third-Party Defendant Great West Casualty Company's Agreed Order of Dismissal [DE 64] as to Third-Party Defendant Great West Casualty Company as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The Agreed Order of Dismissal [DE 64] is **GRANTED**;

(3) All claims against Third-Party Defendant Great West Casualty Company are **DISMISSED WITH PREJUDICE**; and

(4) This dismissal does not apply to the other Third-Party Defendants in this matter

This the 16th day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge